UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-61035-RAR

CAYAGO TEC GMBH and
CAYAGO AMERICAS, INC.

        **Plaintiffs,**

-vs.-

I-AQUA USA LLC
LUXURY WATER TOYS, LLC
and RENE HEINEN

        **Defendants.**

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendants i-AQUA USA LLC, Luxury Water Toys, LLC., and Rene Heinen, by and through their undersigned counsel, and hereby move to dismiss the Amended Complaint (D.E. 18) for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and state as follows:

### OVERVIEW OF THIS MOTION

The Amended Complaint alleges infringement of two patents (Counts I and II) and a claim for breach of a Dealer Agreement (Count III). By carefully and selectively using the plural "plaintiffs" the Amended Complaint infers that both plaintiffs have the right to sue for patent infringement, both Plaintiffs have the right to sue for breach of a Dealer Agreement, and both Plaintiffs have been damaged by both patent infringement and by breach of the Dealer Agreement.

However, a careful reading of the Amended Complaint demonstrates that only one Plaintiff (Cayago Tec) has the right to bring the patent infringement action. The second Plaintiff, (Cayago Americas) has no legal right to sue for patent infringement, and no right to assert damages

for patent infringement. Further, Cayago Tec, not being a party to the Dealer Agreement, has no legal right to allege breach and/or assert damages for an alleged breach.

Plaintiffs are aware of these defects as they were raised in a Motion to Dismiss a similarly defective complaint in a companion case pending in the United States District Court for the District of Puerto Rico.[1] Plaintiffs quickly tried to correct the defects in both the Puerto Rico case and in this case by filing an Amended Complaint. However, the Amended Complaint in this case is still defective.

## THE PARTIES AND COUNTS IN THE AMENDED COMPLAINT

Cayago Tec alleges that it is a German Company, (D.E. 18, ¶ 1) and Cayago Americas alleges that it is a Florida Corporation (D.E. 18, ¶2). Two U.S. Patents are alleged to be infringed in this suit. Both Plaintiffs allege that they have been harmed by Defendant's placing infringing products into the stream of commerce. (D.E. 18, ¶14). The two patents are U.S. Patent No. 9,774,019 (referred to as the '019 Patent)(D.E. ¶ 32) and U.S. Patent No. 7,963,814 (referred to as the '814 Patent)(D.E. 33).

Cayago Tec again alleges that it:

> "is the owner by assignment of all right, title and interest in and to the '019 Patent and '814 Patent with full and (sic) right to bring suit to enforce these patents. The '019 Patent and '814 Patent are collectively referred to herein as "the Patents." (D.E.18, ¶ 34)

Cayago Americas then alleges that it: "has the exclusive authority to distribute the patented products in the United States." (D.E. 18, ¶35)

Cayago Americas has legal basis to assert a claim for patent infringement. Yet, in each of Counts I and II, Cayago (unspecified as to which entity) is alleged to be suffering damages and

---

[1] The Puerto Rico case differed slightly in that it involved alleged infringement of three patents but not an alleged breach of a Dealer Agreement.

Plaintiffs (plural) are alleged to be damaged by the infringement. (D.E. 18, ¶¶55-57 (Count I) and ¶¶ 71-73 (Count II).

Cayago Americas has no right to be compensated for any alleged infringement if it does not allege that it has the right to sue for infringement. Cayago Americas does not allege any such rights. It is not, and should not be, a party to a patent infringement action.

Count III is for alleged Breach of a Dealer Agreement. The Dealer Agreement is identified as being only between Cayago Americas and Luxury Water Toys. (D.E. 18, ¶ 27, 28) Cayago Tec is not a party to the Agreement. Yet Plaintiffs (plural) are alleged to have suffered damage by the alleged breach. (Complaint, D.E. 18, ¶79). Cayago Tec has no right to be compensated for any alleged damage for alleged breach of the agreement. It is not a party to the agreement, and should not be, a party to an action based on an alleged breach of the agreement.

## **THE CASE SHOULD BE DISMISSED UNDER F.R.Civ.P. 12(b)(6).**

### **Overview**

It is clear from the pleadings that Cayago Americas has no right to bring a patent infringement action. Counts I and II, as presently pled, do not properly state a claim for which relief may be granted, because relief cannot be granted to Cayago Americas even if there is patent infringement (which is disputed). Count III, as presently pled, does not properly state a claim for which relief can be granted because Cayago Tec is not a party to the Dealer Agreement and thus cannot be compensated for the alleged breach.

All three Counts, as presently framed, fail to state causes of action. The Amended Complaint should be dismissed. Since Plaintiffs already filed an amended complaint, the dismissal should be with prejudice.

**Counts I and II for Patent Infringement Fail to Properly State a Claim**

In a patent case, only the sole owner of a patent has standing to assert the patent, and an entity that does not own the patent (or is not the exclusive licensee) does not have standing to sue. *See, Rite-Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538 (Fed. Cir. 1985) (en banc). Cayago Americas does not and cannot plead ownership because Cayago Tec pleads sole ownership, *i.e.,* ownership of ***all*** right, title and interest. (D.E. 18, ¶34) Cayago Americas does not and cannot plead that it is the exclusive licensee as Cayago Tec pleads that it, in fact, has ***all*** rights.

The fact that Cayago Americas alleges that is "injured" or "harmed" by sales of infringing devices is not relevant because such "injury" is not the subject of compensation under the patent laws to an entity that does not have ownership of the patent or exclusive rights **under the patent**. Cayago Americas does assert exclusive sales authority for the patented product but there is no pleading that such rights are coextensive with the right to exclude others under the patent. Nor could such an assertion be made since that would contradict Cayago Tec's pleadings. Geographic exclusivity does not expressly include the right to exclude others and therefore Cayago Americas lack standing. *Rite Hite,* 56 F.3d at 1552-1555.

As the As the Court of Appeals for the Federal Circuit made clear in *Lone Star Silicon Innovations, LLC v. Nanya Tech. Corp.,* 925 F.3d 1225, 1230 (Fed. Cir. 2019), the non-patent owner may bring suit with the patent owner as long as the non-patent owner possesses "exclusionary rights" **under the patent**. Here, Cayago Americas alleges only that it has exclusive rights to distribute the patented product, but not the right to exclude others under the patent. There is no assertion that Cayago Americas' exclusionary **sales** rights are coextensive with exclusionary **patent** rights nor could they be as that would be contrary to Cayago Tec's assertion of those rights in paragraph 34.

Cayago Americas has no legally cognizable basis to assert alleged harm to itself based on the alleged infringement. Cayago Americas has no basis to assert rights of and/or injury to others (such as Cayago Tec).

Cayago Americas cannot legally plead the rights of and/or injury to others (such as Cayago Tec). But, since Counts I and II make that claim on behalf of Cayago Americas, both Counts fail to state a claim for relief and are defective.

### Count III for Breach of Contract Fails to State a Claim

In a breach of contract case, a person not a party to the contract, has no standing to bring an action. *Wilbesan Charter School, Inc. v. School Board of Hillsborough County,* 447 F.Supp. 2d 1292, 1301 (M.D. Fla. 2006)(applying Florida law). Cayago Tec is not a party to the Dealer Agreement (contract). Cayago Americas pleads only that it (and Luxury) are the two parties to the Dealer Agreement.

Both Plaintiffs cannot plead breach of the Agreement. Count III should be dismissed.

If Cayago Tec voluntarily is dropped from Count III and if Cayago Americas is voluntarily dropped from Counts I and II, Plaintiffs face a different problem.

There is no basis to join Count III with the patent infringement counts under supplemental jurisdiction (28 U.S.C. § 1367) because there is no overlap of "Plaintiffs" as between the patent infringement counts (Counts I and II) and the breach of contract (Dealer Agreement) count (Count III). There is no authority for multiple Plaintiffs to combine their efforts to try and overwhelm Defendants where the Plaintiffs have no overlapping claims.

### CONCLUSION

Since the Amended Complaint fails to properly state a claim for patent infringement (Counts I and II) and since the Amended Complaint fails to properly state a claim for breach of

contract (Count III), the Amended Complaint should be dismissed. By filing an Amended Complaint, both Plaintiffs already have had two chances to plead properly. The dismissal should be with prejudice.

## LOCAL RULE 7.3(a) CERTIFICATION

This is, *inter alia,* a motion to dismiss for failure to state a claim for which relief can be granted and is thus exempt from a pre-filing conference.

Dated: July 16, 2021

Respectfully submitted,

s/ *Lorri Lomnitzer*
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
Jerold I. Schneider, Esq.
Florida Bar No. 26975
Jerold@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16 day of July 2021, I electronically filed the forgoing Motion to Dismiss the Amended Complaint for Failure to State a Claim, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

  s/Lorri Lomnitzer
Lorri Lomnitzer, Esq.
Fla. Bar No. 37632